Macomber, J.
There is not in the case, with perhaps an exception applicable to one item only, any evidence which, would justify the recovery which was had before the referee, unless the plaintiffs’ books of account which were put in evidence were competent and sufficient to charge the defendants.
Throughout the case the defendants’ testimony tends to show that whatever work was done by the plaintiff, and whatever goods were furnished by him to the defendants were paid for shortly after their rendition. Upon the issue of payment tor the goods and services rendered we would not perhaps feel inclined to disturb the findings of the referee as they have been made under a conflict of evidence, and there is not that prep'onderance of testimony on the one side which would justify such a review of the facts.
But the principal cause of action for the plaintiff rests upon different considerations, for there being no admissions or concessions by the defendants, the only evidence of the existence of the indebtedness allowed by the referee is derived from the books of the plaintiff. To enable a party’s own books of account to be put in evidence in his favor the rule, as stated in Vosburgh v. Thayer (12 Johns., 462), and it still exists, is that a foundation must be laid for their admission by proving that the party had no clerk; that some of the articles charged had been delivered; that the books produced are the account books of the party, and that he keeps fair and honest accounts, and this must be done by those who have dealt arid'settled with him.
In Ives v. Waters (30 Hun, 298), it is stated that there exists no reason for relaxing the rule in any particular, because it was established by the courts when parties could' not be witnesses in their own behalf, and that it is a clear innovation upon the ancient common law which precludes parties from making evidence in their own favor. The testimony by which it is sought to show that the plaintiffs’ books of account were honestly kept, and that parties had settled with him upon the basis of the charges in such books is given wholly by the two witnesses, Eobert Swan and John Kyle. Swan, in his direct examination, which was apparently taken in the absence of the defendant’s counsel, said that he found the plaintiff’s books and accounts for the work to be correct, and paid him for the accounts which he rendered. The witness being subsequently called for a cross-examination, testified as follows: “I paid upon bills rendered to me by him; I never settled with him upon his books—only upon his bills; I never knew what books he kept; I never opened his books; I never looked into his books * * * I did not know what those books contained.” The witness, John *425 Kyle, testified on his direct examination, also in the absence of the defendant’s counsel, as follows: “I never found any mistakes in the accounts or bills from his book that he rendered to me; I paid him according to the bills he presented to me, except sometimes he made a discount for cash payments.” He, in turn, being again summoned,, testified as follows:
“ Q. Did you testify, on December fourth, that you never found any mistake in the accounts or bills from his books that he, the plaintiff, rendered to you ?
" A Yes, I believe I did so testify.
“• Q Did you ever see any of Mr. Beatty’s books ?
"A. Never, except I may have seen what I supposed to be the day-book lying on his desk in his shop.
"Q. Did you ever know that book which you saw there was a day-book ?
“A. I did not.
“ Q. Did you ever examine that book or any book belonging to Mr. Beatty ?
“ A. I did not.
“ Q. Did you ever know Mr. Beatty kept any books ?
“ A. No, sir.
“ Q. Did you ever know that any account rendered to you was tasen from his books ?
“A. No, sir.
“ Q. In point of fact, you never settled any account of his on his boons ?
“ A. No, sir.
“ Q. Do you know then whether he kept his books correctly or not ?
“A. No, sir.”
This evidence is not sufficient to satisfy the rule that the fact must be shown that the party keeps fair and honest accounts, for such fact must be established, if at all, by those who have dealt and settled with him upon the faith of correct bookkeeping. Under this evidence, the introduction of the plaintiff’s books of account was not sufficient to charge the defendants, and there being no other evidence of the rendition of the services and the delivery of the property, except in a minor particular, it follows that the judgment should be reversed and a new trial ordered before another referee, with costs to the defendants to abide the result of the action.
Van Brunt, P. J., and Bartlett, J., concur